IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


JENNIE GOLLUBIER,                           3:10-CV-06246-BR

          Plaintiff,                        OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.


KATHRYN TASSINARI
BRENT WELLS
Harder, Wells, Baron & Manning, P.C.
474 Willamette
Suite 200
Eugene, OR 97401
(541) 686-1969

          Attorneys for Plaintiff


1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2114

            Attorneys for Defendant


**BROWN, Judge.**

        Plaintiff Jennie Gollubier seeks judicial review of a final decision of the Commissioner of the Social Security Admini-stration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

        For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed her applications for SSI and DIB on December 13, 2006, and alleged a disability onset date of April 15, 2006.  Tr. 98-104.[1]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on August 17, 2009.  Tr. 18-47.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on September 25, 2009, in which he found Plaintiff was not entitled to benefits.  Tr. 5-17.  That decision became the final decision of the Commissioner on June 24, 2010, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-3.

## BACKGROUND

Plaintiff was born on April 6, 1978, and was 31 years old at the time of the hearing.  Tr. 24.  Plaintiff has a high-school education.  Tr. 24.  Plaintiff has past relevant work experience as a plant-care technician, florist, waitress, and cook.  Tr. 15, 16, 139, 143.

Plaintiff alleges disability due to left hip pain, bipolar disorder, and an anxiety disorder.

---

[1]  Citations to the official transcript of record filed by the Commissioner on February 4, 2011, are referred to as "Tr."

3 - OPINION AND ORDER

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 13-15.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v.*

*Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052

(9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(I),
416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commis-
sioner determines the claimant does not have any medically severe
impairment or combination of impairments.  *Stout*, 454 F.3d at
1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknowledges
are so severe they preclude substantial gainful activity.  *Stout*,
454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii),
416.920(a)(4)(iii).  The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404, subpart
P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's Residual Functional Capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,
at *1.  In other words, the Social Security Act does not require

6 - OPINION AND ORDER

complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since her April 15, 2006, onset date.  Tr. 10.

At Step Two, the ALJ found Plaintiff has severe impairments of left hip pain, left shoulder hypermobility, and an anxiety-related disorder.  Tr. 10.

At Step Three, the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff is able to perform light work limited to only occasional climbing of ramps or stairs and interaction with the public or coworkers; frequent balancing, stooping, crouching, kneeling, crawling, reaching, and overhead reaching with her left arm; and no exposure to moving machinery or unprotected heights or "production rate or pace work."  Tr. 12.  The ALJ also found Plaintiff is limited to "simple, routine, 1-2 step and repetitive tasks and work in a low stress setting with no more than occasional changes in the work setting or decision-making required."  Tr. 12.

At Step Four, the ALJ concluded Plaintiff is not capable of performing her past relevant work.  Tr. 15.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 16.

Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to find Plaintiff's bipolar disorder to be severe at Step Two, (2) improperly rejected Plaintiff's testimony, (3) improperly rejected lay-witness testimony, (4) improperly rejected the opinion of Plaintiff's treating physician, and (5) improperly found at Step Five that Plaintiff could perform other jobs in the national economy.

**I.    The alleged error by the ALJ at Step Two was harmless.**

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). *See also Ukolov*, 420 F.3d at 1003. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding

9 - OPINION AND ORDER

appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

As noted, the ALJ found Plaintiff has the severe impairments of left hip pain, left shoulder hypermobility, and an anxiety-related disorder.  Plaintiff, however, asserts the ALJ erred at Step Two when he did not find Plaintiff's alleged impairment of a bipolar disorder to be severe.

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).

Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in failing to identify another alleged impairment as severe is harmless.

**II.  The ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence

10 - OPINION AND ORDER

of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms; however, [the plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]." Tr. 14.

As to Plaintiff's alleged impairments of anxiety and bipolar disorder, the ALJ noted the record reflects numerous occasions when Plaintiff failed to follow the recommended course of

11 - OPINION AND ORDER

treatment even though Plaintiff's anxiety and bipolar disorder
had been controlled with medication.  Tr. 14, 215, 248, 262.  In
addition, the ALJ noted although treating physician Scott
Williams, M.D., urged Plaintiff to apply for the Patient
Assistance Program to help Plaintiff to pay for her medications,
Plaintiff repeatedly failed to apply for the program.  Tr. 14,
256, 263.

    As to Plaintiff's alleged impairments of left hip pain and
left shoulder hypermobility, the ALJ noted Plaintiff had an MRI
performed on her shoulder in April 2007 that was generally
unremarkable.  Tr. 14, 212.  In March 2007 Roy Varghese, treating
nurse practitioner, noted Plaintiff had a full range of motion
"without any problem and no pain" as well as normal muscle tone
and strength.  Tr. 220.  In July 2009 Plaintiff had lumbar-spine
x-rays, which were negative.  Tr. 266.  Finally, the ALJ noted
although Plaintiff appeared at the hearing wearing a hip/back
brace and a shoulder brace, and using a crutch, none of which was
prescribed by a medical professional.

    On this record the Court finds the ALJ provided clear and
convincing reasons supported by substantial evidence in the
record for finding Plaintiff's testimony not entirely credible as
to the intensity, persistence, and limiting effects of her
conditions.  The Court, therefore, concludes the ALJ did not err
when he rejected Plaintiff's testimony in part.

**III. The ALJ erred when he failed to consider lay-witness testimony.**

Plaintiff alleges the ALJ erred when he failed to address the lay-witness testimony of Plaintiff's mother Jill Sherman.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Commissioner,* 454 F.3d 1050, 1054 (9th Cir. 2006). When "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* at 1056.

Sherman stated in an Adult Function Report that Plaintiff was often depressed and "may not even get up for a day or two." Tr. 122. Sherman further stated Plaintiff's activities varied greatly depending on her degree of pain and Plaintiff needs help with laundry, shopping, and household chores. Tr. 124. Sherman noted when physical activities cause Plaintiff pain, that

occurrence often leads to anxiety and depression.  Tr. 127.

The ALJ did not address Sherman's report nor did he include in Plaintiff's RFC the limitations in Sherman's report.

The Court concludes on this record that the ALJ erred when he failed to address Sherman's testimony because he failed to provide legally sufficient reasons for doing so.  In addition, the Court cannot consider the ALJ's error harmless because it cannot "confidently conclude that no reasonable ALJ, when fully crediting [Sherman's] testimony, could have reached a different disability determination."

## IV.   The ALJ did not err when he gave little weight to the opinion of Dr. Williams.

Plaintiff asserts the ALJ erred when he rejected the July 30, 2009, opinion of Dr. Williams, treating physician, that Plaintiff's "physical complaints have impaired her ability to maintain gainful employment over the past 3 years" and Plaintiff's "[p]sychiatric illness is impairing her ability to be gainfully employed over the past 3 years."  Tr. 286. Dr. Williams opined Plaintiff has scoliosis of her lumbar spine and "increase [*sic*] joint laxity of multiple joints" that "may be related to an undiagnosed connective tissue disorder."  Tr. 286. In addition, Plaintiff's "current physical problems and chronic anxiety symptoms would result in many days of work absence numbering 2 or more days per week [and] [p]hysical work would be likely to exacerbate his shoulder and hip pain."  Tr. 286.

14 - OPINION AND ORDER

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

The ALJ gave "little weight" to Dr. Williams's opinion on the ground that Dr. Williams stated Plaintiff had been compliant

15 - OPINION AND ORDER

with treatment.  Tr. 285.  As noted, Dr. Williams's treatment
notes reflect Plaintiff failed to follow the recommended course
of treatment on a number of occasions even though her symptoms
were controlled with medication.  Tr. 215, 248, 262.

In giving little weight to Dr. Williams's opinion, the ALJ
gave "great weight" to the opinion of nonexamining psychologist
Dorothy Anderson, Ph.D., that Plaintiff has only mild anxiety
disorder.  In addition, Dr. Anderson's opinion is supported by
the opinion of Rob Nebeker, M.D., examining psychiatrist.  In
March 2007 Dr. Nebeker opined Plaintiff has a generalized anxiety
disorder, "but not necessarily [a] marked impairment."  Tr. 217.
Although the Ninth Circuit has held the opinion of a nonexamining
physician cannot by itself constitute substantial evidence that
justifies the rejection of a treating physician's opinion, *Ryan
v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008), the ALJ also
relied on the fact that Dr. Williams's opinion was contradicted
by his own chart notes.

In addition, the ALJ noted the MRI on Plaintiff's left
shoulder was "essentially normal," there was not any evidence of
a connective tissue disorder, her hip x-ray was normal, and when
Plaintiff was compliant with medication, her mental impairments
were controlled and she experienced "significant improvement in
pain symptoms."  Tr. 251.

The Court concludes on this record that the ALJ did not err

when he gave little weight to Dr. Williams's opinion because he
provided legally sufficient reasons for doing so.

**V.    The ALJ erred in part at Step Five**.

Plaintiff contends the ALJ erred at Step Five when he found
Plaintiff could perform other jobs in the national economy
because the ALJ failed to consider the limitations indicated by
Plaintiff, Dr. Williams, and Jill Sherman.

Because the Court has found the ALJ properly rejected
Plaintiff's testimony in part and properly assigned little weight
to the opinion of Dr. Williams, the Court concludes the ALJ did
not err at Step Five when he failed to include the limitations
indicated by Plaintiff and Dr. Williams in his assessment of
Plaintiff's ability to do other jobs existing in the national
economy.  The ALJ however erred when he failed to address the
testimony of Jill Sherman regarding Plaintiff's limitations.
Accordingly, to the extent those limitations should have been
considered at Step Five, the Court concludes the ALJ erred when
he failed to do so.

**VI.  Remand for further proceedings.**

Generally the decision whether to remand for further
proceedings or for immediate payment of benefits is within the
discretion of the Court.  *Strauss v. Comm'r*, 635 F.3d 1135, 1137
(9th Cir. 2011).  The Ninth Circuit, however, has established a
limited exception to this general rule.  *Id.* at 1138.  Under the

17 - OPINION AND ORDER

limited exception, the Court must grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id*. The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

The Court has determined the ALJ erred when he failed to address the testimony of lay witness Jill Sherman. The administrative record, however, is not sufficiently clear for the Court to determine that Plaintiff is entitled to immediate benefits. In the exercise of its discretion, the Court, therefore, concludes the limited exception does not apply and this matter should be remanded for further proceedings.

Accordingly, the Court remands this matter for further administrative proceedings consistent with this Opinion and Order.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the

Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 18th day of October, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

19 - OPINION AND ORDER